UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAUGATUCK, LLC, a Delaware limited
liability company,

                         Plaintiff,

          -against-

ST. MARY'S COMMONS ASSOCIATES,
L.L.C., a Delaware limited liability company,

                         Defendant.
------------------------------------------------------------X

**FILED**
**CLERK**
5/19/2020 2:11 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
19-CV-0217(SJF)(SIL)

FEUERSTEIN, District Judge:

Pending before the Court are the objections of plaintiff Saugatuck, LLC ("plaintiff") to the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated January 22, 2020 ("the Report"), recommending that this Court deny: (i) plaintiff's pre-discovery motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on its claim for a declaratory judgment that certain of its rights under the parties' contracts are superior to the rights of defendant St. Mary's Commons Associates, L.L.C. ("defendant") thereunder; and (ii) plaintiff's letter motion to strike various portions of defendant's opposition to the summary judgment motion. For the reasons set forth below, the Report is accepted in its entirety.

I.      Discussion

      A.      Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and

1

recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

However, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (quotations, alterations and citation omitted); *see also Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (quotations, alterations and citation omitted)). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13; *see also Bassett v. Electronic Arts, Inc.*, 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

      B.      Plaintiff's Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Locke erred: (i) in concluding "that the Agreements are ambiguous on the question of their relative superiority in this case," (Plf. Obj. at 3); (ii) in finding (A) that "the Agreements lack specific language establishing that the Qualified Contract clause is superior to the Option," (*id.* at 5), (B) that "Plaintiff's reliance on inferences with respect to the intent of the parties is improper," (*id.*), (C) that there is more than one reasonable interpretation of the Agreements, (*see id.* at 5, 7-10), and (D) that plaintiff's interpretation of the Agreements "is not supported by Section 42 of the Internal Revenue Code," (*id.* at 5); (iii) in failing "to properly consider Plaintiff's textual and contextual arguments in support of its interpretation of the Agreements" and "view[ing] the provisions cited by Plaintiff in isolation," (*id.* at 6); (iv) in failing to "address the implications of the parties' comparative rights with respect to the sale of the Property, and discount[ing] Plaintiff's argument regarding the earlier timing of Plaintiff's exercise period," (*id.* at 7); (v) in relying, in part, upon the "omission of particular language" in the Agreements to conclude that the Agreements "are ambiguous as to the relative priority of the parties' disposition rights," (*id.* at 8-9); (vi) in dismissing plaintiff's argument that "the parties' decision to commence the Qualified Contract period beginning after the fourteenth year of the Compliance Period was consistent with the provisions in Section 42 of the Internal Revenue Code . . . and supports the view that the parties intended Plaintiff's Qualified Contract rights to trump Defendant's Option rights," (*id.* at 10);

3

(vii) in finding that defendant's Option rights do not conflict with plaintiff's Qualified Contract rights, (*see id.* at 10-16); (viii) in failing to "account for the full scope of Plaintiff's rights under the Qualified Contract clause," (*id.* at 11); (ix) in conceiving of hypothetical scenarios which "do not account for the very real facts presented by this case and . . . do not address the question of whether there is a conflict under these facts and whether or not the Agreements dictate how to resolve it," (*id.* at 13); (x) in disregarding "the fact that the Qualified Contract rights are granted expressly and exclusively to the Special Limited Partner, not the General Partner," (*id.* at 15); and (xi) in recommending that plaintiff's motion to strike portions of defendant's opposition be denied without prejudice as moot. (*See Id.* at 16-17).

Magistrate Judge Locke correctly found, *inter alia*, that the Agreements are susceptible to more than one (1) reasonable interpretation and, thus, that summary judgment is improper at this stage of the litigation. *See Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 41 (2d Cir. 2019) (holding that where a contract "is susceptible to differing interpretations, each of which may be said to be as reasonable as another, then the interpretation of the contract becomes a question of fact for the jury. . . ." (quotations and citation omitted)); *Great Minds v. FedEx Office & Print Servs., Inc.*, 886 F.3d 91, 94 (2d Cir. 2018) ("If specific contract language is susceptible of two reasonable interpretations, the contract is ambiguous as a matter of law." (quotations, alterations and citation omitted)); *Olin Corp. v. OneBeacon Am. Ins. Co.*, 864 F.3d 130, 148 (2d Cir. 2017) ("[C]ontract terms are ambiguous if they are capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." (quotations and citation omitted)).

Upon consideration of plaintiff's objections and defendant's responses thereto, and *de novo* review of the findings and conclusions in the Report to which plaintiff specifically objects, as well as all motion papers and the entire record, plaintiff's objections are overruled and those branches of the Report are accepted in their entirety.

C.   Remainder of Report

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Locke to which no specific timely objections are interposed, those branches of the Report are accepted in their entirety. Accordingly, for the reasons set forth in the Report, (i) plaintiff's pre-discovery motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied; and (ii) plaintiff's letter motion to strike portions of defendant's opposition is denied without prejudice as moot.

II.   Conclusion

For the reasons set forth above, plaintiff's objections are overruled, the Report is accepted in its entirety and, for the reasons set forth therein, (i) plaintiff's pre-discovery motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is denied; and (ii) plaintiff's letter motion to strike portions of defendant's opposition is denied without prejudice as moot.

SO ORDERED.

                                                                           /s/ *Sandra J. Feuerstein*
                                                                           Sandra J. Feuerstein
                                                                           United States District Judge

Dated: May 19, 2020
       Central Islip, New York