FILED
CLERK
10:08 am, Sep 28, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SAUGATUCK, LLC, a Delaware limited
liability company,

                  Plaintiff,                  **MEMORANDUM & ORDER**

      -against-                             19-CV-217 (GRB)(SIL)

ST. MARY'S COMMONS ASSOCIATES,
L.L.C., a Delaware limited liability
company,

                  Defendant.
------------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

It has been said that "the definition of genius is taking the complex and making it simple."[1] The intricacies of this matter defy this Court's efforts at simplification, even with the able assistance of Magistrate Judge Locke and counsel for the parties. And before plunging into the immediate question, another observation appears warranted: parties entering contractual arrangements – such as the labyrinth of agreements underlying the instant dispute – create private laws that govern their interactions. *See Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U.S. 398, 429 (1934) ("The obligation of a contract is the law which binds the parties to perform their agreement."). As the New York Court of Appeals has observed:

> We begin our analysis with the basic observation that, unless otherwise mandated by law . . . a contract is a private "ordering" in which a party binds himself to do, or not to do, a particular thing.
>
> It also follows that, before the power of law can be invoked to enforce a promise, it must be sufficiently certain and specific so that what was promised can be ascertained. Otherwise, a court, in intervening, would be imposing its own

---

[1] Paradoxically, this iteration, frequently misattributed to Albert Einstein, has also been credited to more folksy personalities such as Pete Seeger and Woody Guthrie. *See, e.g.*, https://quotepark.com. Its origin is murky though the quote may be derivative of a more cumbersome formulation found in E. F. Schumacher's *Small Is Beautiful*.

1

> conception of what the parties should or might have undertaken, rather than confining itself to the implementation of a bargain to which they have mutually committed themselves. Thus, definiteness as to material matters is of the very essence in contract law. Impenetrable vagueness and uncertainty will not do.

*Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher*, 52 N.Y.2d 105, 109 (1981) (citations omitted). It is ironic, then, in this case, that both parties seek declarations from the Court "clarifying" their obligations under the complex rubric they created. *See* Docket Entry ("DE") 136 at 16.

At issue currently are defendant's objections to the Report and Recommendation (R&R) of the Honorable Steven I. Locke concerning three pending motions: (i) defendant's motion for summary judgment as to the two causes of action of the complaint; (ii) both parties' motion for summary judgment as to defendant's counterclaims and (iii) plaintiff's motion for partial summary judgment as to count two of its complaint. DE 136 at 18. Familiarity with the R&R is assumed, and it is incorporated herein by reference.

In sum, in its complaint, plaintiff Saugatuck, LLC ("Saugatuck") sets forth two causes of action relating to the exercise of an option by defendant St. Mary's Commons Associates LLC to either purchase the apartment complex that is at the core of the dispute or, alternatively, create a simulacrum of "redeeming" Saugatuck's interest while placing Saugatuck in the same economic position as if the property was purchased. DE 136 at 8-9. Count I of the complaint seeks a declaration that defendant cannot exercise this option while certain other matters are pending, while Count II seeks clarification of the price of exercising that option. DE 136 at 16. The defendant counterclaims for breach of contract in connection with the option and for clarification of rights and obligations under the agreement. *Id.* In a comprehensive 31-page decision (not the first he has issued in this case), Judge Locke recommends (1) denying summary judgment as to Count I based on material issues of fact arising from ambiguities in the contract; (2) granting

2

summary judgment as to Count II (regarding the option price) based upon the plain language of the agreement and (3) denying both parties' motions as to the breach of contract counterclaim, but granting summary judgment to plaintiff insofar as the counterclaim reads on the option price (for the same reasons).  *Id.* at 23-30.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Where a party makes specific and timely objections to a magistrate judge's findings or recommendations as to dispositive motions, the district court must apply a *de novo* standard of review to the portions of the Report and Recommendation to which the objection is made.  Fed. R. Civ. P. 72(b); *see also LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010); 28 U.S.C. § 636(b)(1).  However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error."  *Caldarola v. Town of Smithtown*, No. 09-CV-272 SJF AKT, 2011 WL 1336574, at *1 (E.D.N.Y. Apr. 4, 2011) (citation omitted).

Here, defendant objects to the R&R's option price determinations based principally, if not exclusively, on a single development: following briefing of the instant motions, the Fourth Department upheld a contrary interpretation of a "materially similar" agreement.  *Centerline/Fleet Hous. P'ship, L.P. - Series B v. Hopkins Ct. Apartments, L.L.C.*, 195 A.D.3d 1375 (N.Y. App. Div. 2021).  While counsel submitted this decision to the Court well after the motion had been submitted, DE 135, defendant correctly notes that the R&R does not expressly mention the sparsely-cited, three page opinion from the Appellate Division.

Having carefully reviewed the question, the Court finds that Judge Locke's accurate and thoughtful analysis of the issue persuasive, and the advent of the *Hopkins Court* decision does not alter that conclusion.  Of course, determinations of the intermediate-level state courts are always

helpful and often entitled to deference on questions of state law.  However, because the *Hopkins Court* decision does not announce a new rule or interpretation of law, it does not represent binding precedent.  *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013) (rejecting First Department case which was "not a statement of an unsettled or ambiguous rule, but rather an application of a previously established rule").  Furthermore, the *Hopkins Court* decision applies existing (and undisputed) state law principles to specific contract language; courts have held that such interpretations of similarly worded contractual provisions are similarly not binding.  *See, e.g.*, *Cent. Mut. Ins. Co. v. Rogowski*, No. 07 Civ. 8366 (SCR)(LMS), 2009 WL 10739923, at *13 (S.D.N.Y. Mar. 23, 2009) ("[W]here there are independent contractual obligations governing the parties, the interpretation of the Nationwide policy should not have preclusive effect on the interpretation of the Central policy . . . The Court respectfully declines to follow the state court's interpretation . . . .").  Thus, the Court could reject the Fourth Department's decision entirely.

Yet there is no need to draw this line in the sand.  The parties' filings establish that the *Hopkins Court* decision does not represent a final decision, as it is currently subject to a motion for reconsideration by the Fourth Department and application for leave to appeal to the New York Court of Appeals.  DE 139-141.  In fact, one would expect that the litigants in that case will likely rely upon Judge Locke's thoughtful decision during the ensuing litigation.  Assuming that the *Hopkins Court* decision becomes final or a further determination is rendered, though, defendant may request reconsideration from Judge Locke of any issue potentially affected issue.

For these reasons, the Court hereby adopts the R&R in its entirety.

**SO ORDERED.**

Dated: Central Islip, New York
September 28, 2021

/s/ Gary R. Brown

                                          GARY R. BROWN
                                          United States District Judge