```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SAUGATUCK, LLC, a Delaware limited liability
company,
                                                                        MEMORANDUM
                            Plaintiff,                                  AND ORDER
                                                                        19-cv-217 (SIL)
         -against-

ST. MARY'S COMMONS ASSOCIATES, L.L.C., a
Delaware limited liability company,

                            Defendant.
-------------------------------------------------------------------x
```

**STEVEN I. LOCKE, United States Magistrate Judge:**

During the course of the recent bench trial in this breach of contract-declaratory judgment action between two partners to a real estate venture known as St. Mary's Commons Apartments, L.P. (the "Partnership"), Plaintiff raised a hearsay objection to certain testimony. The question is whether the statements may be offered as non-hearsay admissions under Fed. R. Evid. 801(d)(2)(A). For the reasons stated below, the Court concludes that they do not, and the objection is sustained subject to one caveat.

## **BACKGROUND**

Familiarity with the underlying facts and issues in this case, which have been summarized in various earlier opinions, is presumed. *See*, *e.g.*, DEs [42, 47, 136, 143, 181]; Electronic Order (Oct. 13, 2022). The facts relevant to the objection are as follows. Plaintiff Saugatuck, LLC ("Saugatuck" or "Plaintiff") and Defendant St. Mary's Commons Associates, L.L.C.'s ("St. Mary's" or "Defendant") are partners in the Partnership, which is governed by, among other documents, an Amended and

Restated Agreement of Limited Partnership, dated May 22, 2003 (the "LPA").  The LPA provides for a General Partner, St. Mary's on the one hand, and an Investor Limited Partner and Special Limited Partner, now Saugatuck on the other.  Saugatuck, however, is successor-in-interest to both RCC Credit Facility, L.L.C. ("RCC")—the original Investor Limited Partner, and Related Direct SLP LLC ("Related Direct")—the original Special Limited Partner.  Saugatuck purchased these interests on January 10, 2019 and is not related to or affiliated with RCC or Related Direct.  Also relevant to the parties' claims, is an Option Agreement negotiated and entered into by the same entities (together with the LPA, the "Agreements").

In earlier proceedings, the Court ruled that a trial was necessary to determine the meaning of the relevant terms of the Agreements because of certain ambiguities in those documents when they are read together.  *See* DEs [42, 47].  At trial, Defendant introduced the testimony of Thomas Granville, who negotiated the Agreements on St. Mary's behalf.  During his testimony defense counsel asked Granville about the substance of certain statements made by Eric Trucksess, who negotiated the Agreements on behalf of RCC and Related Direct, Saugatuck's predecessor-in-interest.  Plaintiff objected on hearsay grounds and St. Mary's argued that such statements constituted non-hearsay admissions.  The objection is sustained with one caveat.

**ANALYSIS**

Party admissions as evidence are governed by Federal Rule of Evidence 801, which provides in relevant part:

**Definitions That Apply to This Article; Exclusions From Hearsay**

\* \* \*

(d) **Statements That Are Not Hearsay.** A statement that meets the following definition[] is not hearsay:

\* \* \*

(2) **An Opposing Party's Statement.** The statement is offered against an opposing party and:

(A) was made by the party in an individual or representative capacity;

(B) is one the party manifested that it adopted or believed to be true;

(C) was made by the person whom the party authorized to make a statement on the subject;

(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

Fed. R. Evid. 801(d)(2).

The issue is whether Mr. Trucksess's statements are admissions under Rule 801(d)(2) against Saugatuck as a successor-in-interest based on the privity between Saugatuck and RCC and Related Direct. The case law on the subject is mixed and the Second Circuit has not addressed the matter. *Compare Azarax, Inc. v. Syverson*, 990 F.3d 648, 652 (8th Cir. 2021) ("Barrera made the statement on behalf of Convey Mexico; Azarax claims to be Convey Mexico's successor, so it necessarily adopts

3

Barrera's admissions") *with Huff v. White Motor Corp.*, 609 F.2d 286, 290-91 (7th Cir. 1979) ("privity-based admissions are not admissible as such . . .").

A close reading of the rule's evolution and case law however indicates that such statements should be excluded when not admissible on other grounds. The cases weighing in favor of admission lack analysis, apparently relying on the inherent logic that a successor-in-interest is a successor-in-evidence. *See, e,g., Azarax*, 990 F.3d at 652 (concluding without citation to authority that the successor "necessarily adopts" the admission); *Lavoho, LLC v. Apple, Inc.*, 232 F. Supp. 3d 513, 529 n.19 (S.D.N.Y. 2016) (concluding in the margin that the predecessor-in-interest's statement constitutes an admission without citation to authority).

Those cases to the contrary however, note that Rule 801(d)(2) among its provisions "does not include statements by predecessors" noting that at least one commentator concluded that "the rule rejects privity as a ground of admissibility by making no provision for it." *Calhoun v. Baylor*, 646 F.2d 1158, 1162-63 (6th Cir. 1981) (citing 4 Weinstein's Evidence 801-165 (1979)); *accord Huff*, 609 F.2d at 290 (noting that privity-based admissions are not covered by a literal reading of the rule); *see also Three Rivers Confections, LLC v. Warman*, 660 F. App'x 103, 109 (3d Cir. 2016) (reaching the same conclusion relying on *Calhoun* and *Huff*); *Amgen, Inc. v. Sandoz, Inc.*, 18-11026 (MAS)(DEA), 2021 WL 11565942, at *1 (D.N.J. Jul. 2, 2021); *401 Oak Grove, LLC v. Louis Dreyfus Co. Cotton Storage, LLC*, 17-CV-1430-ODE, 2019 WL 12285182, at *9 (N.D. Ga. Mar. 28, 2019); *Digital Ally, Inc. v. St. Paul Fire & Marine Ins. Co.*, 11-00130-CV-W-GAF, 2012 WL 13027108, at *6 (W.D. Mo. May 25, 2012)

4

("Privity-based admissions are not a separate hearsay exception."); *In re Blanchard*, 547 B.R. 347, 360 n.12 (Bankr. C.D. Cal. 2016) ("The concept of party opponent admissions based on privity has been abolished since the Federal Rules of Evidence were adopted.").

This conclusion is further justified by the Rule 801's adoption in the first place. As this Court recognized nearly 20 years ago, at common law "statements made by those in privity with a party to the action were considered admissions of that party." *In re Cornfield*, 365 F. Supp. 2d 271, 277 (E.D.N.Y. 2004) (Seybert, J.). Rule 801(d)(2)(A) was an adjustment to the common law rule permitting submission of various types of admissions but not those based on privity. *Id.* (citing *Huff*, 609 F.2d at 290-91). As the Third Circuit and various commentators have recognized, this omission was not accidental. Rather, it represented an adoption of the position stated by Morgan, "Admissions," 12 Wash. L. Rev. 181 (1937) and the Model Code of Evidence, Rule 502, 504 and 509 (1942). *See Calhoun*, 646 F. 2d at 1162 (quoting Weinstein ("Under the common law rule . . . declarations by a predecessor in title offered against a successor were often admitted. Morgan objected strenuously to this result, arguing that there is no 'magic' in privity and pointing out that acceptance of the privity principle leads to dubious distinctions, particularly in bankruptcies")); *see also* M. Graham, Federal Practice and Procedure § 7019 (2006) (Interim Edition) ("Thus Rule 801(d)(2) in excluding such statements from the definition of admissions adopts the position advocated by Morgan and the Model Code of Evidence that considerations of privity and joint interest neither furnish criteria of credibility nor

5

aid in the evaluation of testimony"); *see also Kesey LLC v. Francis*, CV 06-540-AC, 2009 WL 909530 at *17-18 (D. Or. Apr. 3, 2009) (engaging in similar analysis and reaching the same conclusion).

Finally, the Court notes that when a party admission is accepted into evidence the party is presumably present, and therefore available to explain or contradict the testimony at issue, leaving the matter for the finder of fact to determine. *See* 6 Handbook of Fed. Evid. § 801:15 (9th ed.). This is not the case where the predecessor is not a party, and therefore likely absent from the proceedings. 2 McCormick on Evid. § 260 (8th ed.) (noting privity-based admissions offer "no criterion of credibility, no aid in the evaluation of testimony"). Accordingly, fundamental fairness at trial weighs in favor of exclusion.[1]

For all of these reasons, the objection is sustained, and predecessor-in-interest Eric Trucksess's statements may not be admitted for their truth.[2] That being said, and for the sake of complete record, the Court notes that it will permit the submission

---

[1] In reaching this conclusion the Court recognizes a December 1, 2022 Memorandum issued by the Committee on Rules of Practice of the Judicial Conference of the United States recommending adoption of a modification to Rule 801(d)(2) that would permit submission of privity-based admissions into evidence. *See* Advisory Comm. Mem., § IIIC, https://www.courts.gov/sites/default/failes/advisory_committee_on_evidence_rules_december_2022_0.pdf. This memorandum recognizes a "split" in the applicability of the rule to the situation presently before the Court. For the reasons set forth above, the Court believes that exclusion of the evidence is nevertheless proper and that any modification to the rule enacted based on Committee's memorandum or otherwise would represent a departure from the current state of the law.

[2] Defendant argues in the alternative that the statements at issue are admissible under the hearsay exceptions set forth in Fed. R. Evid. 803(1) and 803(3), *i.e.,* statements of present sense impression and then-existing state of mind, respectively. *See* DE [213] at 6. For the sake of completeness, the Court notes that these exceptions are inapplicable to the statements at issue. *See Digital Ally, Inc.,* 2012 WL 13027108, at *6 (noting that Rule 803(1) does not apply to statements were the declarant "was not describing or explaining something [they] contemporaneously perceived"); *Kesey, LLC,* 2009 WL 909530 at *18-19 (concluding that admissions by a party-opponent's predecessor were not admissible under Fed. R. Evid. 803(1) or 803(3)).

6

of statements submitted not for their truth, but rather to the extent they impacted the testifying witness's intent with respect to entering the Agreements.

**SO ORDERED**.

Dated: Central Islip, New York
July 17, 2023

<u>/s/ Steven I. Locke</u>
STEVEN I. LOCKE
United States Magistrate Judge